PER CURIAM.
Mullaly seeks review of the summary denial of his motion to vacate, set aside or correct sentence filed pursuant to Rule 3.850, Fla.R.Crim.P. As the trial court found, Mullaly’s claims of relief based on ineffective assistance of counsel, improper admission of evidence at trial and omission at trial of favorable evidence were not proper grounds for post-conviction relief herein.
However, Mullaly’s allegations concerning his alleged insanity at the time of trial *868 raised a proper ground, if true, for post-conviction relief. The trial court, although reciting that the records conclusively refute Mullaly’s claim since he was adjudged competent to stand trial on November 13, 1973, failed to attach this portion of the record to its order denying relief. See Rule 3.850(e) Fla.R.Crim.P. The cause is reversed and remanded with instructions to attach the order of November 14, 1973 which conclusively refutes Mullaly’s claim.
BOYER, Acting C. J., and MILLS and BOOTH, JJ., concur.